Madden, Judge,
delivered the opinion of the court:
Plaintiff filed its petition here pursuant to a special act of Congress, which Act is quoted in finding 2. The questions submitted to the court by Congress are answered in the foregoing special findings. In brief, the findings show the following :
The specifications, profiles, and other data relating to the work covered by plaintiff’s contract indicated that only 10 percent of the material to be excavated was rock. Plaintiff made its bid on the assumption that this figure of 10 percent was substantially correct. On December 18,1933, after plaintiff had been engaged in the work for some time, it protested that the proportion of rock to be excavated was much larger than 10 percent, and asked that new test borings be made. New borings were made which were more accurate than the former ones, and which showed that the material in the area where plaintiff was then working, and in which plaintiff worked until its contract was terminated, was 40 percent rock, or material which could be classified as rock and was as difficult to excavate as rock.
Plaintiff was far behind schedule in its work, and, after a notice served on plaintiff by the defendant on February 21, *260 1934, directing plaintiff to discontinue operations, there were negotiations by letter and in conference between plaintiff and the defendant’s officers. These negotiations, which are shown in findings 20 to 24, were concluded by a supplemental agreement, quoted in finding 25, dated June 14,1934, and executed by plaintiff and the defendant, providing that plaintiff should be paid at the rate fixed in the contract for all work which had been done up to that time and that it and its surety should be released from any further liability on the contract. It also provided:
The contractor agrees to accept settlement on the above basis and hereby releases the Government from any and all claims under the contract and supplemental agreement aforesaid.
Plaintiff did not enter into the supplemental agreement of June 14, 1934, under duress, and that supplemental agreement would be a complete bar to any recovery by plaintiff' in a suit based on its contract.
The reasonable price per cubic yard for the excavation of rock, or of material as hard to excavate as rock, at the time and place here involved was 35 cents. Plaintiff, after its protest of December 18,1933, excavated approximately 200,-000 yards of such material, and was paid 15 cents a yard, or $30,000, for doing so. If it had been paid 35 cents a yard, it would have been paid $40,000 more than it was paid. Plaintiff’s loss in preparation to perform the contract, i. e., so much of its expense of preparation properly attributable to this contract as was not absorbed by the work which it did and was paid for, amounted to $20,328.88.
We express no opinion as to whether or not any moral obligation on the part of the defendant toward plaintiff arises out of the facts which we have found.
Pursuant to Private Act No. 64, 75th Congress, 1st session, approved May 6, 1937, the foregoing findings and opinion are reported to Congress.
WhitakeR, Judge; LittletoN, Judge; and Whaley, Chief Justice, concur.
JoNes, Judge, took no part in the decision of this case.